UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Quintin M. Littlejohn**, | C/A No. 6:07-0903-RBH-WMC |
| Plaintiff, | |
| vs. | Report and Recommendation |
| **Patrick B. Harris Psychiatric Hospital**, | |
| Defendant. | |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the Patrick B. Harris Psychiatric Hospital in Anderson, South Carolina. In the above-captioned civil rights action, the plaintiff has brought suit against the Patrick B. Harris Psychiatric Hospital for placing him in "fetters"[1] without bringing him before an Adjustment Committee.

When the above-captioned case was received, it was not in "proper form." In an order filed in this case on April 4, 2007, the undersigned directed the plaintiff to submit a Statement of Assets and Answers to the Court's Special Interrogatories. The plaintiff has done so. Hence, the above-captioned case is now "in proper form."

The plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[2] The plaintiff was confined in the South Carolina

---

[1] "Fetters" is an archaic term for shackles or restraints. *See* 2 Kings 25:7 (Authorized Version of 1611 ["King James" version]): "And they slew the sons of Zedekiah before his eyes, and put out the eyes of Zedekiah, and bound him with fetters of brass, and carried him to Babylon."

[2] The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. Prior to his current incarceration, the plaintiff resided in Gaffney, South Carolina.[3]

The plaintiff's Answers to Court's Special Interrogatories (Entry No. 6) reveal that the plaintiff has been sent to the Patrick B. Harris Psychiatric Hospital for a court-ordered psychiatric evaluation in his pending criminal case, which concerns "Drug's [sic]." The psychiatric evaluation was ordered by J. Queen of Gaffney, S.C." A trial has not yet been held in the plaintiff's criminal case. The plaintiff states that he has filed "appeals" with the municipal court, the Circuit Court, the federal district court, and the World Court.[4]

---

[3] *See* pleadings in *Quintin Littlejohn v. David Edwards Toyota; Mark Edwards; and All Agents in Active Concert*, Civil Action No. 7:06-1012-RBH-WMC. This court may take judicial notice of Civil Action No. 7:06-1012-RBH-WMC. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

[4] The plaintiff is obviously referring to the International Court of Justice. The International Court of Justice "is a [j]udicial arm of the United Nations." *Black's Law Dictionary*, (fifth edition, 1979), at page 732. The International Court of Justice

> * * * has jurisdiction to give advisory opinions on matters of law and treaty construction when requested by the General Assembly, Security Council or any international agency authorized by the General Assembly to petition for such opinion. It has jurisdiction, also, to settle legal disputes between nations when voluntarily submitted to it. Its judgments may be enforced by the Security Council. Its jurisdiction and powers are defined by statute, to which all member states of the U.N. [United Nations] are parties. Judges of such court are elected by the General Assembly and Security Council of the U.N.

*See also* Vera Gowlland-Debbas, *The Relationship between the International Court of Justice and the Security Council in Light of the Lockerbie Case*, 88 Am. J. Int'l L. 643 (October 1994)("The relationship between the International Court of Justice and the Security Council may be approached from the perspective of the United Nations Charter and the way it delimits competences between two principal UN organs and regulates the exercise of their concurrent powers."); Taslim O. Elias, *The International Court of Justice and Some Contemporary Problems* (1979); Josh Briggs, Comment, *Sur Place Refugee Status in the Context of Vietnamese Asylum Seekers in Hong Kong*, 42 Am. U. L. Rev. 433, 457 (Winter 1993); and Gregory Gelfand, *International Penal Transfer Treaties: The Case for an Unrestricted Multilateral Treaty*, 64 Boston U. L. Rev.

(continued...)

## *Discussion*

Under established local procedure in this judicial district, a careful review[5] has been made of the *pro se* complaint (Entry No. 1) and the plaintiff's Answers to Court's Special Interrogatories (Entry No. 6) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial

---

(...continued)
563, 568 & n. 17 (May 1984).  The International Court of Justice is the successor to the Permanent Court of International Justice.  *See* Gowlland-Debbas, *The Relationship between the International Court of Justice and the Security Council in Light of the Lockerbie Case*, *supra*, 88 Am. J. Int'l L. at 643 n. 1 ("By contrast, the Permanent Court of International Justice, though closely related to the League of Nations, was independent of it.").

The International Court of Justice does not have jurisdiction over criminal cases and collateral attacks on convictions.  *See*, *e.g.*, *Questions of Interpretation and Application of the 1971 Montreal Convention Arising from the Aerial Incident at Lockerbie* (*Libya v. U.K.*), 1992 I.C.J. 3, 15 (1992); and Jeffrey J. Carlisle, *Extradition of Governments as a Municipal Law Remedy for State-Sponsored Kidnapping*, 81 Cal. L. Rev. 1541, 1547-1572 & n. 171 (December 1993).  The jurisdiction of the International Court of Justice is limited to disputes *between nations*.  *See United States v. Maine*, 475 U.S. 89, 99 (1986), *citing* the *Fisheries Case* (*United Kingdom v. Norway*), 1951 I.C.J. 116 (1951).  *See also* Daphne Barak-Erez, *Israel: The Security Barrier—Between International Law, Constitutional Law, and Domestic Judicial Review*, 4 Int'l J. Const. L. 540 (July 2006)(discussing  various court opinions, including ICJ advisory opinion, on construction of Israel's security barrier in Judea and Samaria).  *But see* Firew Kebede Tiba, *What Caused the Multiplicity of International Courts and Tribunals*, Gonz. J. Int'l L. 202 (2006-2007).

[5]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

screening of any *pro se* filing);[6] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

    The Patrick B. Harris Psychiatric Hospital is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law.  Hence, the Patrick B. Harris Psychiatric Hospital is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons'

---

[6]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

Although the plaintiff has not named the South Carolina Department of Mental Health as a defendant, it can be judicially noticed that the Patrick B. Harris Psychiatric Hospital is operated by the South Carolina Department of Mental Health. The South Carolina Department of Mental Health has Eleventh Amendment immunity. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Alden v. Maine*, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

It is well settled that prisons are not required to have a grievance procedure or adjustment committees. *See Adams v. Rice*, 40 F.3d 72, 74, 1994 U.S. App. LEXIS® 32286 (4th Cir.1994), *cert. denied*, 514 U.S. 1022, 131 L.E.2d 227, 115 S.Ct. 1371, 1995 U.S. LEXIS® 2106 (1995). Since the plaintiff is a prisoner held in the Patrick B. Harris Psychiatric Hospital for a court-ordered psychiatric examination, he is not entitled to an decision from an adjustment committee before the use of "fetters."

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.


April 20, 2007                                  s/William M. Catoe
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).